```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


   ─────────────────────────────────

     PETER DIPIETRO                  Civ. No. 1:14-352 (NLH/AMD)

              Plaintiff,

         v.                          OPINION

     STATE OF NEW JERSEY et. al,

              Defendants.

   ─────────────────────────────────
```

Appearances:

Peter DiPietro
495 South Bluebell Road
Vineland, New Jersey 08360

*Pro se plaintiff.*


Daniel James Kelly
Hughes Justice Complex
25 Market Street
P.O. Box 117
Trenton, New Jersey 08625

*Counsel for Defendants State of New Jersey and Thomas M. North*

Matthew Paul Madden
Madden & Madden
108 Kings Highway East, Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033

*Counsel for Defendants Municipal Township of Franklinville, Franklinville Building Code Enforcement, Steven Rickershauser, and Ed Smith*

John C. Eastlack, Jr.
Weir & Partners LLP
The Liberty View Building
457 Haddonfield Road, Suite 310
Cherry Hill, New Jersey 08002

*Counsel for Defendants Franklin Joint Municipal Court, John Doe, and Joan Sorbello Adams*

**HILLMAN, District Judge**

Plaintiff, who is proceeding *pro se*, filed this action against various municipal entities and public officials claiming they violated his constitutional, statutory, and common law rights by participating in a scheme to illegally enforce New Jersey's Uniform Construction Code, N.J. Admin. Code §§ 5:23-1.1 to -12A.6, ("Building Code") against him.  Before the Court are several related motions including: Plaintiff's Motion [Doc. No. 6] for Recusal; Motions [Doc. No. 7, 9, 10] to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) made by all Defendants except Elk Joint Municipal Court; and Plaintiff's Motion [Doc. No. 12] for Summary Judgment.

For the reasons stated below, Plaintiff's Motion for Recusal will be denied, Defendants' motions to dismiss will be granted, and Plaintiff's Motion for Summary Judgment will be denied as moot as it relates to the moving defendants and denied without prejudice as against Elk Joint Municipal Court pending Plaintiff's response to an Order to Show Cause.

2

**I.   Jurisdiction**

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331 because some of Plaintiff's claims arise under the federal laws of the United States.  Specifically, Plaintiff alleges civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related state law claims.

**II.  Background**

Plaintiff alleges that, on or about February 7, 2012, he received a "Notice of Violation and Order to Terminate" and a "Notice and Order of Penalty" from Defendant Steven Rickershauser, the Franklin Township Construction Official, stating that Plaintiff was in violation of the Building Code. (Pl.'s Compl. [Doc. No. 1-1] ¶ 1.)  Plaintiff claims Rickershauser falsified the violation notice since it was issued pursuant to an inspection on February 3, 2012 which never took place.  (Id. ¶¶ 1-2.)  The violation notice also threatened fines of $2,000 per week which, according to Plaintiff, is four times the legal limit set by the Building Code.  (Id. ¶ 1.)

The Complaint goes on to allege that, on or about March 12, 2012, Plaintiff received a complaint and summons from the Franklin Joint Municipal Court, based on the falsified violation

notice, for violation of Section 2.31(b)(4)[1] of the Building Code.  (Id. ¶ 3.)  Plaintiff claims he filed a motion challenging the constitutionality of "the statute," but Defendant Judge Joan Sorbello Adams "refused to hear" the motion and transferred the case to the Elk Joint Municipal court.  (Id. ¶¶ 4-6.)  Plaintiff further alleges that, at a hearing before Judge Adams, Defendants Steven Rickershauser and John Doe, an unknown prosecutor, concealed the illegal nature of the penalties as well as the fact that Rickershauser falsified the violation notice.  (Id. ¶ 8.)  Plaintiff also claims that after his case was transferred he refiled his motion in the new forum, but Defendant Judge Thomas North also "refused to hear" the motion and issued a warrant for Plaintiff's arrest.  (Id. ¶ 7.)

Plaintiff alleges that Defendants Rickershauser and Ed Smith conspired to illegally withhold Plaintiff's certificate of occupancy because an inspection of Plaintiff's property in 2007 revealed no violations of the Building Code.  (Id. ¶ 10.)  Plaintiff also claims that Defendants Rickershauser and Smith concealed and withheld documents that relate to his building inspections and violations from him.  (Id. Statement of Facts ¶ 2.)  Finally, Plaintiff alleges that all Defendants conspired

---

[1] N.J. Admin. Code § 5:23-2.31(b)(4) states in relevant part: "in the case of a . . . failure to . . . request required inspections . . . an order to pay a penalty shall be issued immediately upon the discovery of the violation."

4

with one another to commit and facilitate the allegedly illegal and malicious actions. (Id. Statement of Facts ¶¶ 1-2.)

Plaintiff asserted several counts against Defendants for state law violations and civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff also included a count against all Defendants for violation of the RICO act.[2]

**III. Motion for Recusal**

Plaintiff filed a motion for recusal pursuant to 28 U.S.C. § 455. He challenges this Court's impartiality on the grounds that he filed a "Verified Criminal Complaint" accusing the undersigned of "TREASON against the United States of America" and violation of 18 U.S.C. § 4. (Pl.'s Mot. for Recusal [Doc. No. 6] 2.)

Title 28 U.S.C. § 455(a) provides, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test for recusal under 28 U.S.C. § 455(a) is whether "a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Blanche Rd.

---

[2] Although Plaintiff did not include a specific count on the issue, he alleged in his background section that Defendants violated 18 U.S.C. § 4 – Misprison of Felony. (Pl.'s Compl. ¶ 1.) However, Plaintiff cannot assert a claim under that statute because private citizens cannot file criminal complaints. See Wheeler v. Ulisny, 482 F. App'x 665 (3d Cir. 2012) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

5

Corp. v. Bensalem Twp., 57 F.3d 253, 266 (3d Cir. 1995) (quoting United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)).

After reading Plaintiff's moving papers the Court is convinced that no reasonable person with knowledge of all the circumstances would harbor any doubts as to this Court's impartiality. What Plaintiff refers to as a "Verified Criminal Complaint" was in fact nothing more than a letter he sent to the FBI, the United States Attorney's office, and the Camden County Prosecutor's office. (Pl.'s Mot. for Recusal, Ex. 1 [Doc. No. 6-1].) The letter accuses the undersigned of dismissing Plaintiff's cases in order to conceal criminal activity, but it offers no support of that claim beyond Plaintiff's obvious displeasure with this Court's decisions. (Id.) Simply put, writing a letter that expresses disagreement with a judge's decisions and makes unfounded and conclusory assertions of criminal conduct would not cause a reasonable person to doubt that judge's impartiality and therefore does not warrant recusal under 28 U.S.C. § 455. To hold otherwise would allow any disappointed litigant to switch forums by simply making specious allegations.

**IV. Motion to Dismiss Pursuant to Rule 12(b)(6)**

All of the Defendants except Elk Joint Municipal Court moved to dismiss Plaintiff's claims on various grounds including immunity; failure to identify "persons" capable of being sued

6

under 42 U.S.C. §§ 1983, 1985, and 1986; failure to file proper notice of state law claims under the New Jersey Tort Claims Act; and several other grounds.  However, the Court need not address most of the arguments made by the Defendants.  All of Plaintiff's federal claims must be dismissed because the Complaint does not plead facts sufficient to raise a plausible right to relief under federal law.  Furthermore, Plaintiff's state law claims will be dismissed because it would be improper for the Court to exercise supplemental jurisdiction after all federal claims have been dismissed.

    **A.  Standard for Motion to Dismiss Under Rule 12(b)(6)**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal

7

Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine

8

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    Finally, a court in reviewing a Rule 12(b)(6) motion may consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  Additionally, a court may

9

consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(d).

**B. Plaintiff Has Not Raised a Plausible Federal Claim**

Plaintiff has attempted to bring federal civil rights claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. He also alleged that Defendants' actions violated the RICO act. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of his civil rights. 28 U.S.C. § 1983; see Piecknick v. Commonwealth of Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994). To state a claim under § 1985, a plaintiff must allege a conspiracy to: (1) prevent another from accepting or carrying out their duties as an officer of the United States; (2) interfere with a party, witness, or juror in a lawsuit; or (3) deprive a person of the equal protection of the laws. 28 U.S.C. § 1985; see El-Hewie v. Bergen County, 348 F. App'x 790, 795-96 (3d Cir. 2009) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). Similarly, a claim under § 1986 must be based on a valid § 1985 conspiracy. Rogin v. Bensalem Twp., 616 F.2d

10

680, 696 (3d Cir. 1980). A valid RICO claim must be based on one of the predicate criminal offenses listed in 18 U.S.C. § 1962, or a conspiracy to commit such an offense. 18 U.S.C. §§ 1962, 1964(c).

After stripping away the bald assertions and legal conclusions in the Complaint, Plaintiff has not pled facts sufficient to raise a plausible claim under any of these federal statutes. This is particularly clear when the Complaint is read in conjunction with the documents on which it is based.

The core of Plaintiff's Complaint is his claim that Defendant Rickershauser fabricated the violation notice, a conclusion Plaintiff draws from his belief that the notice was based on an inspection that never occurred. (Pl.'s Compl. ¶ 1.) The violation notice form does have a space to fill in the "date of inspection," and on Plaintiff's violation notice that space was filled in with "2/3/2012." (Def.'s Mot. to Dismiss, Ex. B [Doc. No. 7-5].) However, the notice explained Plaintiff's violation as follows: "[t]ake NOTICE that you have been found to be in violation of the State Uniform Construction Code Act and Regulation promulgated thereunder in that: TEMPORARY CERTIFICATE OF OCCUPANCY EXPIRED . . . In violation of N.J.A.C. 5:23-2.31(b)4 FAILURE TO OBTAIN THE REQUIRED INSPECTIONS." Thus, it is quite clear that the violation notice was based on Plaintiff's failure to obtain an inspection, not on issues

11

discovered during an inspection.  Without more, the simple fact that the inspection-date field was filled out does not raise a plausible inference that Rickershauser falsified the violation notice in an attempt to violate Plaintiff's civil rights.

Similarly, Plaintiff's conclusion that Rickershauser and Smith conspired to illegally withhold his certificate of occupancy does not plausibly follow from his factual basis for reaching that conclusion - that an inspection of his property in 2007 showed no violations.  The violation notice was ostensibly based on the expiration of a temporary certificate of occupancy, suggesting that Plaintiff needed to have his property inspected again.  Thus, the fact that Plaintiff had his property inspected in 2007 does not plausibly suggest a conspiracy to withhold a certificate of occupancy.

Plaintiff further alleges that the violation notice's threat of fines of $2,000 per week was illegal because it was four times the $250 limit set by Section 2.31(b)(2) of the Building Code.[3]  However, the plain text of Section 2.31(b)(2)[4]

---

[3] Plaintiff's Complaint actually refers to limits in Section 2.31(b)(1), but that section makes no reference to any limit on fines.  However, the Court will treat Plaintiff's reference to Section 2.31(b)(1) as a typographical error since Section 2.31(b)(2) sets a $250 limit on certain fines.
[4] Section 2.31(b)(2) states: "Anyone who knowingly refuses entry or access to an inspector lawfully authorized to inspect any premises, building or structure pursuant to the act or the regulations, or who unreasonably interferes with such an inspection, shall be subject to a fine of not more than

12

makes clear that the $250 limit applies only to fines for refusing entry to a building inspector or unreasonably interfering with a building inspection. N.J. Admin. Code § 5:23-2.31(b)(2). Since neither of those situations are even purportedly at issue here, the $250 limit is inapplicable. Furthermore, since Plaintiff's allegations of a falsified violation notice and excessive fines are implausible, any derivative allegations – such as Plaintiff's contention that Defendants Rickershauser and Doe concealed the illegalities of the violation notice from the court – are equally implausible.

The remainder of Plaintiff's Complaint is a series of disjointed, conclusory allegations, none of which add up to a plausible claim under the federal statutes cited by Plaintiff. For example, Plaintiff's assertions that Judges Adams and North "refused to hear" his motions do not suggest a civil rights violation or criminal activity. If the court improperly denied his motions, that issue should be raised in an appeal from those decisions, not in a civil rights or RICO action.

To summarize, Plaintiff's claims of a conspiracy to illegally enforce the New Jersey Building Code against him are completely implausible. When read in light of the documents on which they are based, Plaintiff's allegations of wrongdoing are

---

$250.00." N.J. Admin. Code § 5:23-2.31(b)(2).

nothing more than bald assertions and legal conclusions. Without these bald assertions and legal conclusions, Plaintiff's Complaint does not allege anything beyond his being subjected to ordinary enforcement proceedings for failing to obtain an inspection when his temporary certificate of occupancy expired. Consequently, Plaintiff's federal claims must be dismissed.

### C. Plaintiff's State Law Claims Will Be Dismissed

Having dismissed all of Plaintiff's federal claims, the Court must decide what to do with Plaintiff's state law claims. When a district court dismisses all claims over which it has original jurisdiction before trial, it cannot continue to exercise supplemental jurisdiction over state law claims unless "considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Bright v. Westmoreland Cnty., 443 F.3d 276, 286 (3d Cir. 2006) (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)); see also, United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351-52 (1988).

Soon after this case was removed to federal court, the parties filed the motions presently at issue. Other than those motions, the case has made little to no progress. Consequently, given the early stage of this litigation, the considerations listed above do not overcome the presumption against retaining

14

jurisdiction. Therefore, the Court will dismiss Plaintiff's state law claims without prejudice since all of his federal claims must be dismissed.

Finally, since all of Plaintiff's claims will be dismissed, his Motion for Summary Judgment must be denied as moot with respect to the moving defendants.

## V. Leave to Amend and Sua Sponte Dismissal

Since Defendant Elk Joint Municipal Court did not move for dismissal, the Court cannot immediately dismiss Plaintiff's claims against it, even though the reasoning above applies with equal force. A district court may *sua sponte* dismiss a complaint under Rule 12(b)(6), but only if the plaintiff is afforded an opportunity to respond. Bethea v. Nation of Islam, 248 Fed. App'x 331, 333 (3d Cir. 2007) (per curiam) (citing Oatess v. Sobolevitch, 914 F.2d 428, 430 n. 5 (3d Cir. 1990)). Consequently, the Court will give Plaintiff thirty days to show cause why his claims against Defendant Elk Joint Municipal Court should not be dismissed for the reasons discussed above.

Additionally, the Court must afford Plaintiff time to amend the civil rights claims in his complaint if he so wishes. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

15

**V.   Conclusion**

For the reasons set forth above, Plaintiff's Motion [Doc. No. 6] for recusal will be denied; Defendants' Motions [Doc. No. 7, 9, 10] to Dismiss will be granted; and Plaintiff's Motion [Doc. No. 12] for Summary Judgment will be denied as moot with respect to all Defendants except Elk Joint Municipal Court.

With respect to Elk Joint Municipal Court, if Plaintiff chooses to rely on his original complaint, he will have thirty days to show cause why his claims against Defendant Elk Joint Municipal Court should not be dismissed for the reasons discussed above.  In the alternative,[5] Plaintiff is granted leave to file an Amended Complaint if he wishes to address any or all of the pleading deficiencies noted above.


Date:  September 3, 2014            s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[5] The filing of an amended complaint will moot the Order to Show Cause since the filing of the amended complaint will supersede the original complaint.

16